IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD K. WELLS, | ) | |
|     Petitioner, | ) | Civil Action No. 10-280 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| RAYMOND SOBINA, et al., | ) | |
|     Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

Petitioner, Richard K. Wells, is serving a life sentence imposed on March 25, 1976, by the Court of Common Pleas of McKean County at Criminal Docket No. 66 Sept. 1975. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he attacks his judgment of sentence. (ECF No. 1). It is at least the second one that he has filed with this Court in which he has challenged his judgment of sentence. Because he did not receive from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommend that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.     REPORT**

    **A.     Relevant Background**

On March 3, 1976, a jury convicted Petitioner of second-degree murder. On March 25, 1976, the Court of Common Pleas of McKean County sentenced him to a term of life in prison.

1

In 2004, Petitioner filed a petition for a writ of habeas corpus with this Court in which he challenged his judgment of sentence. That petition was docketed as Wells v. Wolfe, Civil Action No. 04-13 (Erie), assigned to the Honorable Sean J. McLaughlin, and referred to the undersigned. On January 26, 2005, this Court issued a Memorandum Order in which it, upon the undersigned's Report and Recommendation, denied the petition as untimely under the applicable statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). (ECF No. 14-7 at 13-19). Petitioner filed an application for a certificate of appealability with the Third Circuit Court of Appeals, which was denied on June 2, 2005. (ECF No. 14-7 at 21).

In this present habeas action, Petitioner once again challenges the judgment of sentence imposed by the McKean County Court of Common Pleas at Criminal Docket No. 66 Sept. 1975. (See ECF No. 1 at 1). Respondents have filed their Answer (ECF No. 10) and the relevant state and federal court records (ECF No. 14). They correctly contend that the petition must be dismissed as second or successive.

**B.    Discussion**

As Respondents point out, because this petition is at least the second federal habeas corpus petition that Petitioner has filed in which he challenges his judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision AEDPA. In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to

the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Third Circuit Court of Appeals establishes that Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 18 , 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge